verdict in favor of plaintiff and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Defendant Andrews while driving his automobile along Fifteenth street in the city of Troy observed the intestate lying motionless in the roadway and stopped his automobile within a few feet of her. Immediately after one of defendant, respondent's trolley cars, approaching from the rear, struck the automobile and forced it forward over the body of intestate. She died of a fractured skull. The trial court dismissed the complaint on the ground that there was no sufficient proof that the injury causing death was produced by the passage of the automobile over the body of deceased.

*John F. Murray* and *William H. Murray* for appellant.

*John T. Norton* and *John E. MacLean* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

FRANK SANDERS, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Negligence — railroads — Boiler Inspection Act — injury to locomotive fireman from fall of curtain at rear of locomotive striking him on head.*

*Sanders* v. *N. Y. C. R. R. Co.*, 212 App. Div. 849, affirmed.

(Argued April 10, 1925; decided May 12, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 17, 1925, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. The complaint alleged that plaintiff, a locomotive fireman, while engaged in his duties was struck on the head by the curtain at the rear of the locomotive, which had been rolled up on top of the vestibule, when the engine

was turned over and fell from the vibration of the engine. He continued his work but the next morning was stricken by a stroke of apoplexy for which he recovered damages on the ground that it was attributable to the injury so received. The action was tried on the theory of a violation of the Boiler Inspection Act.

*Noel S. Symons* for appellant.
*Hamilton Ward* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, MCLAUGHLIN, ANDREWS and LEHMAN, JJ. Dissenting: CRANE, J. Not voting: HISCOCK, Ch. J. Absent: POUND, J.

---

ARTHUR E. WINTER and FRANK B. ROSS, Copartners, under the Name of WINTER, ROSS & Co., Respondents, *v.* WICKWIRE SPENCER STEEL CORPORATION, Appellant.

*Contract — sale — action to recover for refusal to accept goods — delay in delivery — waiver.*

*Winter* v. *Wickwire Spencer Steel Corpn.,* 212 App. Div. 870, affirmed.

(Argued April 10, 1925; decided May 12, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 24, 1925, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court. The action was to recover for breach of contract to purchase goods. The complaint alleged that by the contract dated March 25, 1920, plaintiffs agreed to sell and defendant to buy six tons of tin, delivery to be made by plaintiffs f. o. b. New York city; shipment was to be made at plaintiffs' option in about one week; that upon March thirty-first plaintiffs gave notice they could not ship as agreed, and upon April first defendant waived the time of delivery and no time was fixed in the instrument by which such waiver was made; but that thereafter defendant refused to accept the tin. The answer denied the waiver and set up as a defense unreasonable delay in delivery.